**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MAKAIL HARDY, # 234590,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 21-00319-CG-B** |
| | * | |
| **CO I HARRIS, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

## REPORT AND RECOMMENDATION

Plaintiff Makail Hardy, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), and it is now before the undersigned due to Hardy's failure to prosecute and to obey the Court's order. (See Doc. 37 at 4).

Hardy filed this action on July 19, 2021, based on events alleged to have occurred at Fountain Correctional Facility ("Fountain") in Escambia County, Alabama. (Doc. 1). After screening Hardy's complaint, as required pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii), Hardy was ordered to file an amended complaint that complied with pleading requirements of Fed. R. Civ. P. 8(a) and corrected the noted deficiencies in his original

complaint.  (Doc. 3).  In his first amended complaint, Hardy named

as Defendants Coastal Alabama Community College ("Coastal"), CO I

Arthur Harris, CO I James Smith, CO I William Boggan, and Steward

Annie Williams.  (Doc. 4 at 7-8).[1]

Defendants Coastal, Harris, Smith, Boggan, and Williams were

served and filed their answers and special reports.  (Docs. 27,

28, 30, 31, 35).  After a careful review of those filings, the

undersigned, on April 10, 2023, converted Defendants' answers and

special reports into a motion for summary judgment.  (Docs. 36,

37).  In the conversion order, the undersigned advised the parties

that the answers and special reports were being converted into a

motion for summary judgment and that any response in support of or

in opposition to the motion was required to be filed by May 25,

---

[1] According to Hardy, who suffers from Crohn's disease, the kitchen
steward, a captain, and the wardens at Fountain refused to
accommodate his dietary needs even after he showed them a list of
foods that he needed to avoid, which was given to him by a doctor
in Montgomery, Alabama.  (Doc. 4 at 4-5).  Hardy stated that he
participated in the trade school at Fountain, which was operated
by Coastal, where he was served a peanut butter sandwich and a
cheese sandwich every day for lunch.  (Id. at 5).  Hardy alleged
that he told Defendants Harris and Smith that he could not eat the
sandwiches that the kitchen sent for lunch because they would cause
flare-ups of his Crohn's disease.  (Id.).  Hardy stated that
Defendants Harris and Smith said they would take care of it;
however, he asserted that their "way of taking care of it" was to
remove him from the trade school.  (Id.).  Hardy claimed that he
was "kicked out" of the trade school because of his disability and
Defendants' refusal to accommodate him.  (Id.).  For relief, Hardy
sought an order for Defendants "to provide accommodations so [he
could] attend trade school and eat in the chow hall like regular
inmates."  (Id. at 9).

2023. (Doc. 37 at 4). The conversion order also required Hardy to inform the Court in writing, by May 25, 2023, if he desired to continue litigating this action, and it advised him that if he did not inform the Court of his desire to continue litigation by that date, the undersigned would consider his inaction an abandonment of the prosecution of this action. (Id.).

The conversion order was sent to Hardy at Mobile Community Work Center (the "Work Center"), which is the address that the Alabama Department of Corrections has listed for him. (See Doc. 16). Notwithstanding the Court's prior directives to Hardy, he failed to notify the Court of his change of address from Fountain to the Work Center.[2] (See Doc. 1 at 8; Doc. 4 at 9; Doc. 6 at 5; Doc. 14 at 5; Doc. 16 at 1). Since Hardy's address was updated on the docket sheet to reflect the Work Center, none of the mail that the Court has sent to Hardy at the Work Center has been returned as undeliverable.

To date, Hardy's copy of the Court's conversion order dated April 10, 2023 (Doc. 37) has not been returned to the Court, nor has Hardy sought more time to respond to the summary judgment motion or to the conversion order's requirement that he advise the

---

[2] Hardy has been repeatedly cautioned that the failure to keep the Court apprised of his address could result in a recommendation that this action be dismissed. (See Doc. 1 at 8; Doc. 4 at 9; Doc. 6 at 5; Doc. 14 at 5; Doc. 16 at 2).

Court if he is interested in continuing to litigate this action. Furthermore, the Alabama Department of Corrections website shows that Hardy is still incarcerated at the Work Center. See http://www.doc.state.al.us/InmateHistory (last visited June 15, 2023). It is also noteworthy that Hardy has not taken any action in this case since April 11, 2022, when he wrote the Court from Fountain to inquire about the status of this action. (Doc. 8). Therefore, considering Hardy's lack of responses and relative inactivity in his action, the undersigned concludes that Hardy has abandoned the prosecution of this action.

In determining what action should be taken when confronted with a plaintiff's abandonment of his action, the undersigned recognizes that a court has the inherent power to dismiss an action if the plaintiff fails to prosecute or if he fails to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 630–631 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). In addition to a court's inherent power, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or to comply

4

with a court order.  Brutus v. IRS, 393 F. App'x 682, 683 (11th Cir. 2010) (per curiam)[3]; Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005).  A court possesses this power out of necessity "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court."  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citation and internal quotation marks omitted).

In dismissing an action for failure to prosecute or obey a court, a court exercises its discretion.  See Link, 370 U.S. at 633; Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (per curiam).  The dismissal of an action for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion.  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

The undersigned understands that dismissal of Hardy's action without prejudice at this time will more than likely be tantamount to a dismissal with prejudice.  See Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam) ("[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2 (2005).

statute of limitations, it is tantamount to a dismissal with prejudice."). That is, due to the two-year statute of limitations for § 1983 and ADA actions in filed in Alabama, Hardy will likely be precluded from filing a viable future action based on his claims that are alleged to have arisen on June 30, 2021,[4] or before that date. See Horsley v. Univ. of Ala., 564 F. App'x 1006, 1008-09 (11th Cir. 2014) (per curiam) (ADA); Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc) (§ 1983).

To summarize, Hardy did not comply with the Court's order requiring him to let the Court know in writing if he desired to continue litigating this action even though he was warned that the failure to respond would be considered an abandonment of the prosecution of his case. (See Doc. 37 at 4). Furthermore, Hardy did not notify the Court of the change in his address despite having been advised on several occasions that doing so was necessary in order to avoid dismissal of his action for failure to obey the Court's orders and to prosecute this action. Due to Hardy's inactivity and lack of compliance with the Court's orders, the undersigned concludes Hardy has lost interest in his action and thus has abandoned its litigation. Accordingly, Hardy's noncompliant conduct is due to be sanctioned even though available

---

[4] This is the date that Hardy specified in the first amended complaint when the complained of action occurred. (Doc. 4 at 4).

sanctions are limited by his indigency and his rebuffing of court orders. Considering Defendants' and the Court's expenditure of time and resources and Hardy's obstinate conduct, the undersigned recommends that this action be **DISMISSED without prejudice** because lesser sanctions, such as a monetary penalty, will not suffice to deter such conduct. See Blunt v. U.S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished) (affirming the district court's dismissal of a *pro se* prisoner's action for failure to prosecute when he failed to respond to the summary judgment notice or to show cause why the action should not be dismissed); Norman v. Harris, 2020 U.S. Dist. LEXIS 139871, at *1 n.1, *4, 2020 WL 4497815, at *1 n.1, *2 (S.D. Ga. July 6, 2020) (recommending dismissal of an action for plaintiff's failure to prosecute his claim by failing to respond to defendant's summary judgment motion, and noting that the report and recommendation provided fair notice to the plaintiff of the court's intent to dismiss and an opportunity for the plaintiff to respond), report and recommendation adopted, 2020 U.S. Dist. LEXIS 138870, 2020 WL 4493123 (S.D. Ga. Aug. 4, 2020); see also Frith v. Curry, 812 F. App'x 933, 934-35 (11th Cir. 2020) (per curiam) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the Court's order and did not pay

7

the partial filing fee).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **15th** day of **June, 2023.**

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**